SHEEHY v. WABASH RAILROAD CO.

CARRIERS—FREIGHT—NEGLIGENCE—EVIDENCE.

Plaintiff shipped his household goods from St. Louis, Mo., to Flint, Mich., over the Wabash and Pere Marquette railroads. The car went astray. Plaintiff notified the Wabash agent to change the destination to Detroit, but defendant failed to intercept them. On arrival at Flint, plaintiff notified the Pere Marquette Railroad Company to forward them to Detroit, where they arrived in damaged condition. *Held*, that without proof of the condition of the goods on arrival at Flint, or of the place where they were damaged, plaintiff could not recover of the initial carrier.

Error to Wayne; Mandell, J. Submitted June 6, 1911. (Docket No. 127.) Decided April 15, 1912.

Case in justice's court by John M. Sheehy against the Wabash Railroad Company for damages to personal property in transit. Plaintiff recovered, and defendant appealed to circuit court. Judgment for plaintiff. Defendant brings error. Reversed.

*Rufus G. Lathrop*, for appellant.

*Thomas L. Dalton* (*Thomas J. Mahon*, of counsel), for appellee.

BIRD, J. The plaintiff shipped his household goods via defendant's railway from St. Louis, Mo., to Flint, Mich., and prepaid the freight. The car went astray, being what is known as a "lost car," and reached Flint after several weeks' delay. The evidence shows that it was taken to Utah. Before it reached Flint, plaintiff left there and made his home in Detroit. He consulted defendant's agent in Detroit, and asked him to have the goods sent to Detroit when they reached Flint, or have them sent directly there without going to Flint, which the

agent said he would do if they could be intercepted. Defendant's road does not reach Flint, and the connecting carrier, the Pere Marquette Railroad, took the goods to Flint; defendant being apparently unable to intercept them. The Pere Marquette Company notified plaintiff of their arrival, and he had them reconsigned to Detroit. They arrived at Detroit in bad condition and some were missing. At the conclusion of plaintiff's proofs, the defendant requested the court to direct a verdict for it, because the plaintiff's case failed to show a contract of carriage with defendant from Flint to Detroit, and because there was no testimony tending to show whether the goods were injured before they reached Flint, or after they left there for Detroit. The trial court denied this motion, and left it to the jury to determine whether the damage and loss occurred before or after they arrived at Flint. The defendant assigns error on this action of the trial court.

We think it is clear that no recovery can be had against the defendant, unless it were shown that the goods were damaged before they reached Flint. There is nothing in the testimony that would charge defendant with liability after that time. The testimony does show that plaintiff requested the agent of defendant to intercept the car and change its destination to Detroit, and the agent promised to make the attempt; but this could in no way extend its liability, inasmuch as the attempt proved unsuccessful. The record does not show that defendant agreed to convey the car from Flint to Detroit, nor does it appear that the defendant made any attempt to do so, either over its own line or by way of the Pere Marquette. The testimony of plaintiff shows that when the car arrived in Flint he was notified, and his wife requested the Pere Marquette Railway to forward the car to Detroit. We must hold that no contract was shown with defendant to convey the car from Flint to Detroit. The question then arises: Were the goods damaged while en route from St. Louis to Flint, or while en route from Flint to Detroit? We have examined the record with much diligence to discover tes-

timony bearing on this question, and which would justify the trial court in leaving it to the jury; but we have failed to find any. The defendant offered no proof, and the plaintiff's proofs are silent as to it. In view of this state of the record, we are of the opinion that the trial court should have granted defendant's motion.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and McALVAY, BROOKE, and OSTRANDER, JJ., concurred.